IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL J. BREGMAN, | |
| Plaintiff, | |
| vs. | Civil Action No. 1:11-cv-01886- |
| STEVEN R. PERLES, *et al.*, | Judge Christopher R. Cooper (CRC) |
| Defendants. | |

## PROTECTIVE ORDER REGARDING DISCOVERY FROM THOMAS FORTUNE FAY

The Court orders that the following procedures and provisions shall apply to discovery from Thomas Fortune Fay, by deposition or otherwise, in the above-captioned civil action (the "Action") in order to protect information of a sensitive, confidential, nature, and the privacy rights of the parties or certain non-parties. This Protective Order does not preclude assertion of any privilege or objection to any particular discovery request.

I. DEFINITIONS

    A.    "Party" means any current plaintiff or defendant in this Action (including those listed in the caption above), and any plaintiff, defendant, or other party that may be joined in this action.

    B.    "Non-Party" means any person or entity not a Party who produces documents or other information or provides testimony in response to a subpoena or other process in this Action.

C. "Confidential Material" is defined as documents, electronically stored information, records, tangible materials, testimony, responses to discovery, and other information produced by Thomas Fortune Fay in discovery in this Action

## II. USE AND HANDLING OF CONFIDENTIAL MATERIAL

A. Confidential Material shall be used only for purposes of preparing for and litigating this Action (including appeals) and not for any other action or other purpose.

B. Access to Confidential Material shall be closely controlled and limited to individuals who have a demonstrable and bona fide need to review it. Confidential Material shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than:

1. The current Parties to this action, their Counsel of record, and any members of their firms, associate attorneys, contract lawyers, paralegals, clerical and other employees or agents of such counsel who are assisting in the conduct and/or management of this action.

2. Any certified court reporter involved in taking the deposition of Thomas Fortune Fay;

3. Others, if the Thomas Fortune Fay so agrees in writing or, for good cause shown, the Court permits.

C. Before any person described in Paragraph B is given access to Confidential Material, the person shall review this Protective Order and agree in writing (by signing the Acknowledgement attached hereto as Exhibit A) to be bound by it. A copy of the Acknowledgement, together with a list of Confidential Material disclosed to the person and the date of disclosure, shall be retained by counsel disclosing Confidential Material until the conclusion of this litigation, including all appeals.

D.     All persons who have access to Confidential Material at any time shall take all precautions necessary to prohibit access to such Confidential Material other than as provided for herein.

E.     Any summaries or copies of Confidential Material shall be marked "Confidential – Subject to Protective Order" and shall be subject to the terms of this Protective Order to the same extent as the information or document from which such summary or copy is made.

F.     No Party or Non-Party shall file with the Court in this action Confidential Material without seeking and obtaining leave of Court after due notice to Thomas Fortune Fay. After receiving Court approval, such Party shall submit such pleadings or other submissions under seal.

## IV.   GENERAL PROVISIONS

A.     Any use of Confidential Material at trial shall be governed by the pretrial order.

B.     If any Party receives a subpoena or order demanding the production of any Material designated in this Action as "CONFIDENTIAL," the Party receiving such subpoena or order shall, within five (5) business days of the receipt of such request and not less than 10 days prior to the production of any Confidential Material, notify Thomas Fortune Fay of such subpoena or order.

C.     This Protective Order shall not apply to information or tangible items obtained by means independent of production by Thomas Fortune Fay.

D.     This Protective Order may be modified or amended by agreement of the Parties with the approval of the Court. To the extent that the Parties fail to agree on a

modification proposed by any Party or Non-Party, nothing contained herein shall be deemed to preclude any Party or Non-Party from moving the Court, for good cause shown, for a ruling that modifies this Protective Order in any respect.

  E. This Protective Order shall not be construed as waiving any right to assert a claim of privilege or objection as to relevance, admissibility or other grounds for not producing Confidential Material.

  F. This Protective Order shall survive and continue to be binding after the conclusion of this Action, and this Court shall retain jurisdiction to enforce the provisions of this Protective Order.

## VI. LIMITS OF THIS PROTECTIVE ORDER

Nothing contained in this Protective Order, and no action taken pursuant to it, shall prejudice the right of any Party or Non-Party to contest the alleged relevancy, admissibility, or discoverability of the Confidential Material sought. Nor shall this Protective Order prevent any Party or Non-Party from objecting to discovery that it believes to be otherwise improper.

IT IS SO ORDERED THIS _11th_ DAY OF _November_, 2014.

_____
The Hon. Christopher R. Cooper
Judge, United States District Court